**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4391**

_____

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

     v.

JARMARPHIO SHANTEZ MOOSE,

                  Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00373-CCE-1)

_____

Submitted: December 16, 2014      Decided: December 18, 2014

_____

Before DUNCAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarmarphio Shantez Moose appeals his conviction and 120-month sentence imposed following his guilty plea to possessing firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Moose's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious issues for appeal, but citing the voluntariness of Moose's guilty plea and the reasonableness of his sentence. Moose was advised of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response. Having carefully reviewed the record, we affirm.

Before accepting Moose's guilty plea, the district court conducted a thorough plea colloquy, complying with the dictates of Fed. R. Crim. P. 11 and ensuring that Moose's plea was knowing, voluntary, and supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court fulfilled all requisite procedural steps in sentencing Moose, correctly calculating his Guidelines range; considering the parties' arguments, Moose's allocution, and the 18 U.S.C. § 3553(a) (2012) factors; and providing an individualized assessment fully grounded in those factors. See Gall v. United States, 552 U.S. 38, 51 (2007). We presume on appeal that Moose's within-Guidelines sentence is substantively reasonable, and Moose has not met his burden to rebut this

2

presumption.  See United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Moose's conviction and sentence.  This court requires that counsel inform Moose, in writing, of the right to petition the Supreme Court of the United States for further review.  If Moose requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Moose.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED